Stephen M. Lobbin (SBN 181195)
sml@smlavvocati.com
Austin J. Richardson (SBN 319807)
ajr@smlavvocati.com
Julia M. Skyhar (SBN 340227)
jms@smlavvocati.com
**SML Avvocati P.C.**
888 Prospect Street, Suite 200
San Diego, California 92037
Tel: 949.636.1391

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| **ENGINEER.AI CORPORATION d/b/a BUILDER.AI**, a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>**BARRY B. KAUFMAN**, an individual, and **LAW OFFICES OF BARRY B. KAUFMAN**, a California professional corporation,<br><br>Defendants. | Case No. 2:22-cv-03552-SPG-KS<br><br>**OPPOSITION TO MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Date: November 30, 2022<br>Time: 1:30 p.m.<br>Ctrm: 5C<br><br>Hon. Sherilyn Peace Garnett |

Pursuant to L.R. 7-9, Plaintiff Engineer.ai Corporation d/b/a Builder.ai ("EAI") hereby opposes the motion to dismiss of Defendants Barry B. Kaufman and Law Offices of Barry B. Kaufman ("Kaufman").

## Legal Standards

This Court needs no reminder that on motion to dismiss under Rule 12(b)(6), the allegations of a complaint "are accepted as true and construed in the light ***most favorable to the plaintiff***." *Rosewolf v. Merck & Co.*, No. 22-2072, at *8 (N.D. Cal.

Oct. 12, 2022) (emphasis added) (quoting *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008)).  Moreover, even if a deficient allegation is found, the "court should grant leave to amend, unless amendment would be futile." *Id.* (citing *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990)); Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.").  The touchstone is "plausibility"—that is, whether "a claim to relief [] is plausible on its face." *See Baca v. Anderson*, No. 22-2461, at *2 (N.D. Cal. Oct. 12, 2022) (quoting *BellAtl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (stating further "courts do not require 'heightened fact pleading of specifics' [but simply] facts sufficient to 'raise a right to relief above the speculative level'")).

Under the appropriate standard, each of Plaintiff EAI's claims in its Second Amended Complaint is plausibly alleged.

### The Defamation Claim Is More Than Plausible

Concerning the first claim for defamation, Kaufman argues that (a) Kaufman did not have a "responsible part" in the publication of the WSJ Article, (b) EAI's defamation claim is facially time barred, and (c) litigation privilege is an absolute bar to all claims premised on Kaufman's citation to the WSJ article in litigation. Each of Kaufman's argument fails, or at the very least, should permit leave to amend to address each purported "deficiency."

*a. Kaufman Did Have a Responsible Part in the Publication of the WSJ Article*

EAI plainly alleges that Kaufman played a responsible part in the publication of the WSJ Article.  The WSJ Article does not name the sources relied upon, but it is clear from the wording, context and timing of the WSJ Article that the sources are mostly ex-employees of EAI, all represented by Kaufman and his law firm.  In the light most favorable to EAI, the defamation claim is plausible and the request to dismiss it should be denied.

In *Bernson v. Browning-Ferris Indus., Inc.*, 7 Cal.4th 926 (1994), for example, a company allegedly circulated among various press outlets a defamatory dossier concerning the plaintiff. When the plaintiff learned of the dossier and accused the defendant of being its author, the defendant denied authorship. The court determined that as a matter of equity, the defendant should be estopped from profiting from its own misconduct in precluding the plaintiff from ever ascertaining the identity of the defendant. *Id.* at 932-33. Analogous to plaintiffs in *Bernson*, EAI here has no way of determining the sources of the WSJ Article at this stage of litigation. The WSJ Article sources have concealed their identities and as such, the motion should be denied so that EAI can ascertain the identity of these sources through discovery.

### b. Engineer's Defamation Claim is Timely

Kaufman should be barred from asserting a statute of limitations defense, under the doctrine of equitable estoppel. Regarding the statute of limitations, the single-publication rule states that publication generally occurs on the "first general distribution of the publication to the public." *Belli v. Roberts Furs*, 240 Cal.App.2d 284, 289 (1966). However, in certain circumstances, the accrual of a cause of action in tort is delayed until the plaintiff discovered (or reasonably should have discovered or suspected) the factual basis for the claim. *Shively v. Bozanich*, 7 Cal.Rptr.3d 576, 588 (2003). Here, EAI discovered its claim only within the limitations period.

Again, the *Bernson* case is instructive because the court also recognized that it holding concerning the discovery rule has been applied to defamation cases. *Id.* at 931-32. EAI's SAC is consistent with the facts of *Bernson*. While the WSJ Article does not name the sources relied upon in its Article, it is clear from the wording used, and the context and the timing of the WSJ Article, that the sources are mostly ex-employees of EAI represented by Kaufman, who should thus be estopped from asserting any statute of limitations defense.

*c. Litigation Privilege Does Not Bar Engineer's Claims*

EAI alleges that Kaufman published false statements and implications about EAI in the WSJ Article, including about its business practices and capabilities, and its use of investor funds. In no way is the WSJ Article subject to the litigation privilege.

Kaufman cites California Civil Code § 47, which states that "[a] privileged publication or broadcast is one made: . . . (b) In any… (2) [j]udicial proceeding… [and] (3) in any other official proceeding authorized by law…" Cal. Civ. Code § 47(b)(2)-(3). The WSJ Article was not part of a judicial proceeding, or in any other official proceeding authorized by law; the WSJ Article was published independently by the WSJ. This Court should thus deny Kaufman's motion to dismiss this claim, because Engineer's allegations fall plainly outside of any litigation privilege.

## Conclusion

For each of the foregoing reasons, Plaintiff Engineer respectfully requests that this Court deny the motion to dismiss.

Dated: November 9, 2022

Respectfully submitted,

**SML Avvocati P.C.**

By: /s/ Stephen M. Lobbin
Attorneys for Plaintiff

## **PROOF OF SERVICE**

I hereby certify that on November 9, 2022, I electronically transmitted the foregoing documents using the CM/ECF system for filing, which will transmit the document electronically to all registered participants as identified on the Notice of Electronic Filing.

Dated:      November 9, 2022                    /s/ Stephen M. Lobbin