KENNETH C. FELDMAN, SB# 130699
   E-Mail: Ken.Feldman@lewisbrisbois.com
DAVID D. SAMANI, SB# 280179
   E-Mail: David.Samani@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Barry B. Kaufman and Law Offices of Barry B. Kaufman

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ENGINEER.AI CORPORATION d/b/a BUILDER.AI, a Delaware corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>BARRY B. KAUFMAN, an individual, and LAW OFFICES OF BARRY B. KAUFMAN, a California professional corporation,<br><br>    Defendants. | Case No. 2:22-cv-03552-SPG-KSx<br><br>**DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. PROC. 12(b)(6)**<br><br>Date:   November 30, 2022<br>Time:  1:30 p.m.<br>Crtrm.: 5C<br><br>Judge:  Hon. Sherilyn Peace Garnett<br><br>Action Filed:  May 25, 2022<br>Trial Date:    None Set |

4864-0879-6223.1

# REPLY MEMORANDUM OF POINTS AND AUTHORITIES

## I. SUMMARY OF REPLY ARGUMENTS

Plaintiff offers only a tepid opposition in defense of its Second Amended Complaint ("SAC"). As noted in the moving papers, Plaintiff must plead facts which give rise to a plausible claim for relief. Plaintiff has not done so and cannot do so.

First, indisputably, the SAC does not at any point allege that Defendants played a responsible part in publishing the sole remaining allegedly defamatory content (the so-called WSJ Article). At best, the SAC intimates that it *appears* as if Defendants' *clients* may have been responsible for some portions of the WSJ Article. But as explained in Defendants' Motion, and as was completely ignored by Plaintiff, there is no doctrine of "respondeat *inferior*." Even assuming (which is generous, considering the facts actually pled) Defendants' *clients* may have been a source of the WSJ Article, that does not give rise to a basis for establishing liability against Defendants.

As to the case-dispositive statute of limitations, Plaintiff offers a token reference to the "discovery rule," but fails to point the Court to any allegations demonstrating a plausible basis for Plaintiff's tardy initiation of this lawsuit. In fact, the SAC provides otherwise. The SAC alleges that Defendants capitalized on the allegedly defamatory WSJ article by citing it in litigation[1]. Plaintiff, then, has not and cannot plausibly plead any basis to avoid the statute of limitations.

## II. PLAINTIFF HAS NOT PLED A VALID CLAIM FOR DEFAMATION

As the Court knows, to survive a motion to dismiss, the plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell*

---

[1] Further, any citation of the article in litigation is absolutely privileged under Cal. Civ. Code § 47(b).



*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. A complaint that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Iqbal*, 129 S. Ct. at 1951).

### A. The SAC's Allegations Fail To Establish Defendants Played *Any* Role, Let Alone A Responsible Part, In The Publication Of The WSJ Article

Plaintiff does not dispute that "[t]he general rule for defamation is that only one 'who takes a responsible part in the publication is liable for the defamation.'" *Matson v. Dvorak*, 40 Cal. App. 4th 539, 549 (Ct. Cal. App. 1995). Where a person has no control over a statement, and has no knowledge of the preparation or content of a defamatory statement, there can be no liability. *Id.*

Nor does Plaintiff's Opposition attempt to explain how the SAC's allegations, which are that it *appears* Defendants' clients *may* have served as sources for the WSJ Article, translate into a plausible claim that Defendants played a responsible part in the publication of that article.

Instead, the Opposition cites *Bernson v. Browning-Ferris, Indus., Inc.*, 7 Cal.4th 926 (1994) and asserts, in wholly conclusory fashion, that Plaintiff has "no way of determining the sources of the WSJ Article." *Bernson*, however, does not provide that a plaintiff may sue someone for defamation without alleging that person made or played a responsible part in the publication of the statement.

In fact, *Bernson* does not discuss the applicable standards as to publication at all. Rather, *Bernson* simply holds that a defendant *may* be estopped from asserting the statute of limitations upon proof that the defendant *intentionally and fraudulently*

*concealed* his or her involvement in a tortious action.  *Id.* at 937-938.

This principle of law is neither here nor there.  There are no allegations that Defendants intentionally or fraudulently concealed any involvement.  There are not even any allegations that Defendants were *involved*.  As noted, at most, Plaintiff alleges that Defendants' *clients* may have been involved.  But "in contrast to the vicarious liability of principals [i.e., clients], agents [i.e., attorneys] are *not* vicariously liable for the [alleged] torts of their principals."  *Peredia v. HR Mobile Services, Inc.*, 25 Cal. App. 5th 680, 692 (2018) (italics added).

Plaintiff cites no authority that suggests Defendants may be liable merely because Plaintiff believes that Defendants' *clients may have been sources* for an allegedly defamatory article.  That is because there is no such authority.  Plaintiff's SAC should again be dismissed, this time with prejudice, because the law does not support Defendants' respondeat *inferior* theory of liability.

### B. Plaintiff Has Not, And Cannot, Establish Any Basis For Application Of The Delayed Discovery Rule

Plaintiff does not dispute the fact that it failed to timely commence this action based on the August 14, 2019 publication date of the WSJ Article.  Nor does Plaintiff dispute that under the single-publication rule, the statute begins to run upon the publication of the defamatory material.  *See Knoell v. Petrovich*, 76 Cal. App. 4th 164, 168 (Ct. App. 1999).

Instead, Plaintiff contends—again in wholly conclusory fashion—that it "discovered its claims only within the limitations period."  (Opp. at 3:19.)  No allegations support this assertion.

Moreover, Plaintiff cites *Shively v. Bozanich*, 31 Cal. 4th 1230, 1247 (2003) in support of its contention, but *Shively* is of no aid to Plaintiff.  In *Shively*, the California Supreme Court ruled that the delayed discovery rule *might* apply to a defamation claim when the defamation occurs in secret.  *Id.* at 1249 (noting that the "rule has

been applied when the defamatory statement is hidden from view as, for example, in a personnel file that generally cannot be inspected by the plaintiff."). But by the same token, the California Supreme Court rejected any attempt to apply the delayed discovery rule to a defamatory statement "to postpone the accrual of a cause of action based upon the publication of a defamatory statement contained in a book or newspaper." *Shively,* at 1250. The *Shively* court held that so holding would impermissibly undermine the "single publication" rule. *Id.* at 1253-1254.

Tacitly acknowledging the frivolity of its position, Plaintiff again cites *Bernson* to now claim—without any explanation—that Defendants should be estopped from raising the statute of limitations. Opp. at 3:25-27. But *Bernson* is inapplicable here. As noted, *Bernson* held estoppel might be appropriate where a defendant fraudulently conceals his or her involvement. The *Shively* court explained *Bernson*'s limited scope:

> An example of equitable estoppel is presented in *Bernson v. Browning-Ferris Industries of California, Inc.*, *supra*, 7 Cal.4th 926, in which a company allegedly circulated among various press outlets a defamatory dossier concerning the plaintiff, a city council member. *When the plaintiff learned of the dossier and accused the defendant of being its author, the defendant denied authorship, both to the plaintiff personally and in a letter printed in the Los Angeles Times.* The defendant also demanded that the newspaper retract its assertion that the defendant had been the author. Although *the normal rule is that ignorance of the identity of the defendant is not a basis for tolling the statute of limitations, under the particular circumstances this court determined that as a matter of equity*, the defendant should be estopped from profiting from its own

>   misconduct in precluding the plaintiff from ever ascertaining the identity of the defendant.

*Shively*, 31 Cal.4th at 1249 (italics added).

Here, of course, the SAC does not plead that Defendants intentionally and fraudulently concealed their involvement. Indeed, it does not even allege Defendants' direct involvement in making any defamatory statements in connection with the WSJ Article (as noted above). To the contrary, the SAC attempts to contend that Defendants instigated one or more of his clients to provide information to the WSJ Article as some sort of means to gain an advantage in litigation. (SAC, ¶¶ 7, 11, 14.) Plaintiff is on its third iteration of the complaint, and it still has failed to plead an actionable claim against Defendants, whether based on the delay discovery rule or not, Plaintiff has been unable to do so.

### C.  Plaintiff Cannot Predicate Liability Based On The Citation To The WSJ Article In Litigation

The Opposition largely misunderstands the final argument in Defendants' Motion – e.g., that any attempt by Plaintiff to predicate liability on the citation to the WSJ Article in litigation against Plaintiff (see SAC, ¶ 14) is <u>barred</u> under the litigation privilege. Plaintiff does not dispute that statements in pleadings or other submissions to a court are privileged, but instead simply states in conclusory fashion that the WSJ Article itself is not subject to the privilege. That is true, but immaterial for the purposes of this Motion. The citation of anything to a court in connection with litigation is communicative that relates directly to litigation and absolutely privileged pursuant to Cal. Civ. Code § 47(b). *See Rusheen v. Cohen*, 37 Cal. 4th 1048, 1057-1058 (Ct. App. 2006) (submission of filings in litigation subject to attorney-client privilege).

/ / /

/ / /



## III. CONCLUSION

Plaintiff has not, and cannot, allege that Defendants played a responsible part in the publication of the WSJ Article. The SAC indicates that Plaintiff believes that Defendants' clients may have been a source for the article, but that bare allegation does not provide a basis for Plaintiff to sue Defendants. Moreover, Plaintiff's claim is time barred. The delayed discovery rule does not apply to a publicly published statement, and any attempt to establish estoppel is meritless.

Accordingly, Defendants respectfully urge the Court to grant this Motion to Dismiss and dismiss this case *with prejudice*.

DATED: November 16, 2022      LEWIS BRISBOIS BISGAARD & SMITH LLP

By: /s/ David D. Samani
DAVID D. SAMANI
Attorneys for Defendants Barry B. Kaufman and Law Offices Of Barry B. Kaufman