# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENGINEER.AI CORPORATION,<br><br>                  Plaintiff,<br><br>    v.<br><br>BARRY B. KAUFMAN, et al.,<br><br>                  Defendants. | Case No. 2:22-cv-03552-SPG-KS<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND GRANTING DEFENDANTS' MOTION TO DISMISS**<br>[ECF NOS. 40, 45] |

      Before the Court are Plaintiff Engineer.AI Corporation's motion for reconsideration of the Court's Order on September 9, 2022, and Defendants Barry B. Kaufman and the Law Offices of Barry B. Kaufman's motion to dismiss Plaintiff's second amended complaint. (ECF Nos. 40, 45). Having considered the submissions of the parties, the relevant law, and the record in this case, the Court finds this matter appropriate for decision without a hearing. *See* Fed. R. Civ. P. 78(b); Central District of California Local Rule 7-15. For the reasons stated below, the Court DENIES Plaintiff's motion for reconsideration and GRANTS Defendants' motion to dismiss.

## I. BACKGROUND

Plaintiff is a technology company that allegedly uses artificial intelligence to build apps more efficiently. (ECF No. 41 ("SAC") ¶ 8). Plaintiff alleges that Defendants have engaged in an intentional campaign to damage Plaintiff's business. (*Id.* ¶ 7). Specifically, Plaintiffs allege that Defendants "instigat[ed]" an article in the Wall Street Journal published on August 14, 2019, entitled "AI Startup Boom Raises Questions of Exaggerated Tech Savvy" ("the WSJ Article"). (*Id.* ¶¶ 7, 8). The thrust of the WSJ Article exposé is that Plaintiff employs human engineers in India and elsewhere while falsely advertising itself as a company that exclusively uses cutting-edge artificial intelligence to help users build apps more efficiently. (*Id.*). Although the WSJ Article does not name its sources, Plaintiff alleges "it is clear from the wording used, the context and the timing of the WSJ Article" that the sources are Plaintiff's former employees represented by Defendants in separate ongoing litigations against Plaintiff. (*Id.* ¶ 11).

Plaintiff commenced this action on May 25, 2022. (ECF No. 1). On June 13, 2022, Plaintiff filed a motion for a preliminary injunction, (ECF No. 14), and on July 1, 2022, Defendant filed a motion to strike Plaintiff's first amended complaint pursuant to California Code of Civil Procedure section 425.16. (ECF No. 26). On September 9, 2022, this Court denied Plaintiff's motion for a preliminary injunction and granted Defendants' motion to strike. (ECF No. 39 (the "September 9 Order")). In the September 9 Order, this Court found that California's absolute litigation privilege barred each of Plaintiff's claims in its first amended complaint other than Plaintiff's allegation that Defendants instigated the WSJ Article. (*Id.*). With respect to Defendants' alleged instigation of the WSJ Article, this Court found Plaintiff failed to demonstrate a likelihood of success on the merits for any of its four causes of action because Plaintiff had not alleged that Defendants played a role in publishing the WSJ Article. (*Id.* at 12).

On September 23, 2022, Plaintiff filed a second amended complaint bringing the same four causes of action against Defendants based on their purported instigation of the WSJ Article. (SAC). Specifically, Plaintiff brings claims for: (1) defamation, (2) business

disparagement, (3) intentional interference with contractual relations, and (4) intentional interference with prospective advantage. (SAC ¶¶ 17-55). Also on September 23, 2022, Plaintiff filed a motion for reconsideration pursuant to Central District of California Local Rule 7-18. (ECF No. 40 ("MTR")). Defendants opposed on November 9, 2022, (ECF No. 47), and Plaintiff replied on November 16, 2022. (ECF No. 50).

On October 7, 2022, Defendants filed a motion to dismiss Plaintiff's SAC pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 45 ("MTD")).[1] Plaintiff opposed on November 9, 2022, (ECF No. 48), and Defendants replied on November 16, 2022. (ECF No. 49).

## II. PLAINTIFF'S MOTION FOR RECONSIDERATION

### A. Legal Standard

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). "A motion for reconsideration 'may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" *Id.* (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).

Under the Central District's Local Rules, a motion for reconsideration may be made on only the following grounds:

(a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been

---

[1] The Court grants Defendants' request to take judicial notice of state court filings from the various litigations. (ECF No. 46). *See* Federal Rules of Evidence 201; *see also Reyna Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (holding that it is appropriate to take judicial notice of court filings and other matters of public record such as pleadings, briefs, memoranda, motions, and transcripts filed in the underlying and related litigation).

      known to the party moving for reconsideration at the time of such decision, or
      (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

C.D. Cal. Civ. L.R. 7–18. "Unhappiness with the outcome is not included within the rule; unless the moving party shows that one of the stated grounds for reconsideration exists, the Court will not grant a reconsideration." *Gish v. Newsom*, No. EDCV 20-755-JGB (KKx), 2020 WL 6054912, at *2 (C.D. Cal. Oct. 9, 2020) (internal citation omitted). The moving party bears the burden of proving that reconsideration is proper. *White v. Seabrooks*, No. CV 21-8528-MWF (JEMx), 2022 WL 2189629, at *1 (C.D. Cal. Feb. 24, 2022). "Whether to grant a motion for reconsideration under Local Rule 7–18 is a matter within the court's discretion." *Daghlian v. DeVry Univ., Inc.*, 582 F. Supp. 2d 1231, 1251 (C.D. Cal. 2007).

### B. Analysis

Plaintiff seeks reconsideration of the September 9 Order based on "a manifest showing of a failure to consider material facts presented to the Court before the Order was entered." (MTR at 2). Plaintiff argues the Court erroneously applied California's litigation privilege to a letter Defendants sent to Lakestar. (*Id.*). Specifically, Plaintiff claims the Court wrongly concluded that Lakestar possessed a substantial interest in the outcome of the litigation because the Court "failed to consider the true nature, character and purpose of the Lakestar Letter." (*Id.* at 2-3). This Court disagrees.

In the September 9 Order, this Court expressly considered Lakestar's role as an investor in Plaintiff's company before determining that the letter "meets the extremely liberal test of having 'some connection or logical relation' to this action." (September 9 Order at 8 (internal citation omitted)). The Court observed that Lakestar, a Switzerland-based company, "invested roughly $15 million dollars in Plaintiff." (*Id.*). The Court also found that Defendants explicitly requested documents from Lakestar, which Plaintiff was

allegedly refusing to produce to Defendants despite a court order. (*Id.* at 8-9). The Court further explained that the Lakestar letter made clear that Defendants requested the documents via the letter because Lakestar was "beyond the subpoena power of the California courts" as a Switzerland-based company. (*Id.* at 9). After considering the material facts regarding the letter and law applicable to the issue, the Court concluded the following: "[G]iven Lakestar's roughly $15 million dollar investment in Plaintiff and the ongoing litigations against Plaintiff, which could negatively affect Plaintiff's business and, in turn, Lakestar's investment in Plaintiff, the Court finds Lakestar had an interest in the outcome of the various litigations that was "substantial" to warrant the litigation privilege applying to the Lakestar Letter." (*Id.* at 9-10). Accordingly, this Court did not fail to consider any material facts presented to it regarding Lakestar's connection to the underlying litigations before entering the September 9 Order. The Court thus denies Plaintiff's motion for reconsideration.

### III.  DEFENDANTS' MOTION TO DISMISS

####  A.  Legal Standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). "Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). To survive a 12(b)(6) motion, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 556. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted). When ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations

in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, the Court is not "required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Seven Arts Filmed Ent., Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013) (citing *Daniels–Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010)).

### B. Analysis

Defendants argue that Plaintiff's SAC fails to state a claim because Plaintiff does not allege that Defendants played a role in publishing the WSJ Article. (MTD at 6-7). In response, Plaintiff contends "is clear from the wording, context and timing of the WSJ Article that the sources are mostly ex-employees of EAI, all represented by Kaufman and his law firm." (ECF No. 48 at 2). The Court agrees with Defendants and finds that Plaintiff still has not alleged Defendants had any involvement, let alone played a "responsible part," in the publication of the WSJ Article.

The Court previously laid out the elements for each of Plaintiff's claims in its September 9 Order and incorporates those elements here. *See* (September 9 Order at 11-12). At bottom, to state a claim Plaintiff must show that Defendants played a role in the publication of the WSJ Article. Yet in the SAC Plaintiff still has not alleged that Defendants had any involvement with publishing the WSJ Article. Plaintiff relies on *Bernson v. Browning-Ferris Indus., Inc.*, 7 Cal. 4th 926 (1994). That case is inapposite. In *Bernson*, the California Supreme Court applied the doctrine of equitable estoppel to delay the accrual of a cause of action for defamation. Bernson, a member of the Los Angeles City Counsel, brought a libel claim based on a 36-page dossier "highly critical" of Bernson, which was circulated anonymously among various Los Angeles media outlets. 7 Cal. 4th at 929. Nothing in the dossier identified who its author, distributor or sponsor was. *Id.* The trial court sustained a defendant's demurrer on the basis that the statute of

limitations expired to bring a claim for defamation. *Id.* at 930. The California Supreme Court reversed, explaining that a diligent plaintiff who remains "totally ignorant" of a defendant's identity may be entitled to toll the statute of limitations if his ignorance is the result of the defendant's fraudulent concealment. *Id.* at 937.

Here, unlike in *Bernson*, Plaintiff does not allege any concealment of the identity of those individuals responsible for instigating or otherwise publishing the WSJ Article. To the contrary, Plaintiff alleges "it is clear" who the sources of the WSJ Article are—Defendants' *clients*, not *Defendants*. (SAC ¶ 11; ECF No. 48 at 3 ("it is clear from the wording used, and the context and the timing of the WSJ Article, that the sources are mostly ex-employees of EAI represented by Kaufman")). However, as Defendants correctly point out, an attorney may not be held vicariously liable for the torts of his or her clients. *See Peredia v. HR Mobile Services, Inc.*, 25 Cal. App. 5th 680, 692 (2018) (holding that, "in contrast to the vicarious liability of principals, agents are not vicariously liable for the torts of their principals"); *Yanchor v. Kangan*, 22 Cal. App. 3d 544, 549 (1971) ("An attorney is an agent of his client and the attorney-client relationship is governed by the rules applicable to the relationship of principal and agent in general."). Accordingly, the Court grants Defendants' motion to dismiss Plaintiff's SAC for failure to state a claim.

Furthermore, Plaintiff's claims fail for an additional reason; they are barred by the applicable statutes of limitations. Plaintiff's claim for defamation is subject to a one-year statute of limitations, *see* Cal. Civ. Proc. § 340, and Plaintiff's remaining three claims are subject to a two-year statute of limitations. *See* Cal. Civ. Proc. § 339; *Knoell v. Petrovich*, 76 Cal. App. 4th 164, 168 (1999). As held in *Knoell*, the "statute of limitations commenced to run when the alleged defamatory statements were published." *Id.* Here, the WSJ Article was published on August 14, 2019. (SAC ¶ 7). Plaintiff did not file suit until May 25, 2022. Plaintiff claims the delayed discovery rule should toll the statute of limitations. (ECF No. 48 at 3). However, Plaintiff contradicts that assertion by repeatedly alleging that the sources of the WSJ Article—Defendants' clients—have been clear from the face of the

article. (*Id.*). Accordingly, the Court finds that Plaintiff's claims are untimely as they were brought more than two years after the alleged defamatory statements were published.

## IV.  CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's motion for reconsideration and **GRANTS** Defendants' motion to dismiss the SAC with prejudice, *i.e.*, without leave to amend, given that the Court finds under the circumstances that amendment would be futile.[2]  Defendants shall submit a proposed form of judgment consistent with this order within seven days of the date of this order.

**IT IS SO ORDERED.**

DATED:  December 2, 2022

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE

---

[2] Where amendment would be futile, district court's retain discretion to deny leave to amend. *Yakama Indian Nation v. State of Wash. Dep't of Revenue*, 176 F.3d 1241, 1246 (9th Cir. 1999) (internal citations omitted); *see also Gardner v. Martino*, 563 F.3d 981, 992 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile); *Foman v. Davis*, 371 U.S. 178, 182 (1962) (enumerating factors "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." as factors a court should consider in determining whether to grant leave to amend).  "[T]he court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint . . .." *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).